*United States District Court*
*District of South Carolina*
*Beaufort Division*

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 MAY 22  P 2: 06

| | |
|---|---|
| Edward Grant Bunker, # 297944, | ) C/A No. 9:06-1401-MBS-GCK |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| C. Anthony Burton, Acting Warden of Ridgeland Correctional Institution, | ) |
| Respondent. | ) |

# Background of this Case

This is an action seeking habeas corpus relief under 28 U.S.C. § 2241. The petitioner is a state prisoner at the Ridgeland Correctional Institution of the South Carolina Department of Corrections (SCDC). The petitioner is currently serving a ten-year sentence for a "trafficking in marijuana" conviction entered in the Court of General Sessions for Charleston County in November of 2003. He had been arrested in April of 2003 and, hence, received six and a half months of "jail time" credit on his SCDC sentence. Later, the petitioner was also convicted in the United

1

States District Court for the Western District of North Carolina (Case No. 5:98-CR-66-5-V) for a drug charge and failure to appear. The federal convictions were entered on May 3, 2004. He is seeking Section 2241 relief so that he will get credit on his upcoming federal sentence for his current state sentence. Thereby, his seventy-two month federal sentence would be reduced by the time he spent in the South Carolina Department of Corrections.

# *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents:    Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02, D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).[2] This court is required to construe *pro se* complaints, petitions, and pleadings liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon., 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the Section 2241 petition in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The petitioner is not entitled to federal habeas corpus relief with respect to his federal sentence (entered in the Western District of North Carolina in Case No. 5:98-CR-66-5-V) because the petitioner is not "in custody" on those federal convictions and sentence. The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that the petitioner is serving a ten-year sentence for trafficking in marijuana. The ten-year sentence was entered in the **Court of General Sessions for Charleston County.** It is well settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c); and Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3rd Cir. 1984), which relies on an earlier case, Carafas v. La Vallee, 391 U.S. 234, 238 (1968). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. Carafas v. Vallee, supra. *See also* Garlotte v. Fordice, 515 U. S. 39, 132 L.Ed.2d 36, 115 S.Ct. 1948, 1995 U.S. LEXIS® 3620 (1995). Although the petitioner is now in state custody, he is not in federal custody on his federal convictions and sentence.

4

The Section 2241 petition in the case at bar discloses that the petitioner was a fugitive from the Western District of North Carolina when he was arrested in South Carolina in April of 2003 for trafficking in marijuana. This is why the federal conviction in Case No. 5:98-CR-66-5-V (W.D.N.C.) was entered on May 3, 2004. The petitioner failed to appear in the Western District of North Carolina and was not apprehended until April of 2003.

Many state and federal courts apply the doctrine of "fugitive disentitlement" until the escapee is brought back to the jurisdiction from which he or she escaped. For example, several prisoners who have escaped from prisons or jails in South Carolina in the past have asked this court to make collateral reviews of their convictions under 28 U.S.C. § 2254 even though they, by escaping and committing crimes in other jurisdictions (state and federal), have made it impossible for the courts of South Carolina to review their alleged claims for federal relief, and thereby satisfy the exhaustion requirement now embedded in the federal habeas corpus statute, 28 U.S.C. § 2254(b). *See, e.g.*, Fowler v. Leeke, 509 F. Supp. 544, 545-546, 61 A.L.R.Fed. 924 (D.S.C. 1979), *certificate of probable cause denied and appeal dismissed*, 644 F.2d 878 (4th Cir. 1981)[Table]; and Lanier v. United States, 123 F.3d 945, 946, 1997 U.S.App. LEXIS® 23717 (6th Cir.1997)("Pursuant to this doctrine of fugitive disentitlement, we have dismissed the direct appeals of



defendants who have fled the jurisdiction during an appeal and remained at large."), *cert. denied*, 523 U.S. 1011, 140 L.Ed.2d 329, 118 S.Ct. 1200, 1998 U.S. LEXIS® 1745 (1998).

The United States Court of Appeals for the Fourth Circuit has also addressed similar issues. *See* Whittlesey v. Circuit Court for Baltimore County, 897 F.2d 143, 1990 U.S.App. LEXIS® 2860 (4th Cir.), *cert. denied*, 498 U.S. 922, 112 L.Ed.2d 253, 111 S.Ct. 300, 1990 U.S. LEXIS® 5274 (1990). In Whittlesey, the Court, when addressing a Florida prisoner's claim that his Florida sentence would long postpone his opportunity to get to Maryland for a state proceeding to file a collateral attack upon his armed robbery conviction, pointed out that the doors of the courts of Maryland were open for the petitioner, and that his inability to enter through those doors until completion of his Florida sentence was the price he must pay for having escaped from a Maryland prison and subsequently committing crimes in Florida:



> * * *Here, Whittlesey cannot expect federal courts to rescue him from the consequences of his escape and subsequent commission of crimes.
>
> Whittlesey maintains that there are no state remedies available to him; however, this simply is not the case. The doors of the Maryland state courts stand open for him to present his complaints; that he is unable to enter through those doors until completion of his Florida sentence is the price he must pay for having escaped from the Maryland prison and committed offenses in Florida. It is his own criminal misconduct which

6

> has denied Maryland courts the opportunity to hold a hearing, develop a record, and thereby address his claims on the merits. We will not command the district court to review his habeas petition when his own unlawful acts have prevented the state courts from reviewing his claims.

Whittlesey v. Circuit Court for Baltimore County, supra, 897 F.2d at 145 (footnote omitted).

Since the petitioner committed the crime of failure to appear before the United States District Court for the Western District of North Carolina in a criminal case filed in 1998 and fled to South Carolina to commit other drug-related crimes here, the petitioner, as in Whittlesey, is a predicament of his own making. *Cf.* Cobb v. United States, 583 F.2d 695, 696-697 (4th Cir. 1978)(federal prisoner not entitled to withdraw guilty plea after learning, after sentencing, that his federal sentence, under 28 U.S.C. § 3568, would begin only after his state sentence was completed; *held*: service of state sentence does not increase federal sentence). When the petitioner completes his South Carolina sentence and is returned to federal custody to serve his seventy-two month sentence entered in the United States District Court for the Western District of North Carolina, he will, then, be "in custody" for

purposes of his federal convictions and sentence, and can, *then*, seek relief under 28 U.S.C. § 2241.[3]

# *Recommendation*

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and *without requiring the respondent to file a return*. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without

---

[3] It has been held that "the state court's intent is not binding on federal authorities," McCarthy v. Doe, 146 F.3d 118, 121, 1998 U.S.App. LEXIS® 13707 (2nd Cir. 1998), and that "the responsibility for deciding when the federal sentence shall be deemed to begin ... remains with the Attorney General," United States v. Hill, 48 F.3d 228, 234, 1995 U.S. App. LEXIS® 1761 (7th Cir. 1995). *See also* Romandine v. United States, 206 F.3d 731, 738, 2000 U.S.App. LEXIS® 3766 (7th Cir. 2000)(also noting, "A legal error ... in the exercise of this power could be reviewed under § 2241."); and United States v. Smith, 101 F.Supp.2d 332, 2000 U.S.Dist. LEXIS® 8519 (W.D. Pa. 2000). Hence, when the petitioner is actually "in custody" on his seventy-two month federal sentence, he will be able to raise these claims in a § 2241 action.

8

merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the notice on the next page.

            Respectfully submitted,

            */s/ George C. Kosko*
May 22, 2006         George C. Kosko
Charleston, South Carolina    United States Magistrate Judge

Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The **Serious Consequences** of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402