IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Grant Bunker, #297944 | ) | |
| | ) | C/A No. 9:06-1401-MBS |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION AND** |
| | ) | **O R D E R** |
| C. Anthony Burton, Acting Warden of | ) | |
| Ridgeland Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Edward Grant Bunker is serving concurrent state and federal sentences for drug-related crimes. He is presently confined at Ridgeland Correctional Institution, a facility within the South Carolina Department of Corrections. Appearing *pro se,* Petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that his federal sentence was improperly calculated because he did not receive credit for time served awaiting sentencing by the federal court.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge George C. Kosko for a Report and Recommendation. The Magistrate Judge issued a Report and Recommendation on May 22, 2006, in which he recommended that the captioned matter be summarily dismissed without prejudice and without issuance and service of process. Petitioner filed objections to the Report and Recommendation on June 9, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

## FACTS AND PROCEDURAL HISTORY

The facts and procedural history of this case are set forth in the Magistrate Judge's report, see Report and Recommendation, 1-2 (Entry 5), and in the order denying Petitioner's 28 U.S.C. § 2255 motion, which was entered in the United States District Court for the Western District of North Carolina by the Honorable Richard L. Voorhees, see Bunker v. United States, No. 05-214, 2006 U.S. Dist. LEXIS 9032, at *1-5 (W.D. N.C. Feb. 8, 2006). Briefly, Petitioner was among twelve individuals indicted on March 2, 1998 for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). After being released on bond, Petitioner failed to appear for a July 7, 1998 hearing and absconded from supervision.

Petitioner remained a fugitive until April 22, 2003, when he was arrested in Oregon on an outstanding warrant issued by the State of South Carolina. On April 23, 2003, Petitioner was placed in federal custody and made his initial appearance before a federal magistrate judge in Oregon. At some point, Petitioner was extradited to South Carolina pursuant to the outstanding state warrant and detained at the Charleston County Detention Center ("CCDC"). On May 22, 2003, a federal magistrate judge in the Western District of North Carolina issued a writ of habeas corpus ad prosequendum directing the United States Marshal to transport Petitioner from CCDC to North

Carolina to stand trial on the charges of the superceding indictment.[1] On June 17, 2003, Petitioner was arraigned in North Carolina and held in federal custody.

On September 26, 2003, the Court of General Sessions in Charleston County issued a writ of habeas corpus ad prosequendum requesting Petitioner's presence in South Carolina relative to state charges for marijuana trafficking. In November 2003, Petitioner was convicted in Court of General Sessions and sentenced to ten years imprisonment. Petitioner entered a plea of guilty to the federal charges on January 4, 2004. On May 3, 2004, the district court sentenced Petitioner to an enhanced term of imprisonment of 71 months as a result of Plaintiff's absconding. The court also ordered that the federal sentence be served concurrently with Petitioner's ongoing state sentence and recommended that Petitioner be incarcerated at a federal facility in Oregon.

Petitioner filed a § 2255 motion to vacate, set aside, or correct his sentence in the Western District of North Carolina on June 20, 2005. Petitioner argued that his trial attorney was ineffective in incorrectly advising Petitioner that he would receive credit for the time he served in custody awaiting his federal sentencing. The district court denied Petitioner's motion, finding that Petitioner had received credit toward his South Carolina state sentence for the time spent in custody in North Carolina prior to his federal sentence. Bunker, 2006 U.S. Dist. LEXIS 9032, at *9 n.1. The district court also noted that "it appeared . . . that Petitioner [was] really challenging the Attorney General's execution of his sentence . . . . Claims addressing the computation and execution of sentence are governed by 28 U.S.C. § 2241 and must be brought in the district where the Petitioner is incarcerated or where his custodian is located." Id. at *15 n.2. On May 8, 2006, Petitioner filed the instant §

---

[1] The superseding indictment charged Petitioner with conspiracy to possess with intent to distribute marijuana, as well as failure to appear for the court hearing on July 7, 1998, in violation of 18 U.S.C. §§ 3146(a)(1) and 3147.

3

2241 petition in the District of South Carolina.

### DISCUSSION

The court has reviewed Petitioner's objections to the Report and Recommendation. Petitioner contends that the Magistrate Judge erred in finding that he is not in federal custody under 28 U.S.C. § 2241. Objections to the Report and Recommendation, 2-3 (Entry 6). Petitioner asserts that, to the contrary, he is in federal custody because the federal sentencing judge specifically ordered that Petitioner's sentence was to run concurrently with the ongoing state sentence. Id.

It is well-settled that an individual seeking federal habeas corpus relief under 28 U.S.C. § 2241 must be in federal custody at the time the petition is filed. 28 U.S.C. § 2241(c)(1) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody under or by color of the authority of the United States or is committed to trial before some court thereof . . . ."); Carafas v. La Vallee, 391 U.S. 234, 238 (1968). When a prisoner's sentence has fully expired, he is not "in custody" under § 2241(c); however, the "'in custody' language [does] not require[] that a prisoner be physically confined in order to challenge his sentence on habeas corpus." Maleng v. Cook, 490 U.S. 488, 491 (1989). See, e.g., Peyton v. Rowe, 39 U.S. 54, 67 (1968) (holding that a prisoner serving consecutive sentences is "in custody" under § 2241(c)); Jones v. Cunningham, 371 U.S. 236 (1963) (holding that a prisoner who had been placed on parole, but whose sentence had not yet expired, was still "in custody" under § 2241(c)).

In the instant case, the record indicates that Petitioner is in federal custody. At Petitioner's federal sentencing, the sentencing judge specifically ordered that Petitioner's federal sentence was "to run concurrently with the ongoing South Carolina sentence." Judgment, 2 (Entry 6-2); Bunker, 2006 U.S. Dist. LEXIS 9032, at *4 ("The Court ordered that the federal sentence be served

4

concurrently with his ongoing sentence in South Carolina . . . ."). After recommending that Petitioner's "sentence be served in a federal facility," the federal sentencing judge "remanded [Petitioner] to the custody of the United States Marshal." Judgment, 2. Sentence monitoring computation data from the Federal Bureau of Prisons ("BOP") indicates that Petitioner was committed to BOP's custody on May 3, 2004, the day Petitioner was sentenced in federal court. BOP Sentence Monitoring Computation, 6 (Entry 6-2). In light of the federal sentencing judge's clear mandate that Petitioner's federal sentence be served concurrently with his state sentence and Petitioner's immediate commitment to BOP's custody, the court finds that Petitioner is "in custody" for purposes of 28 U.S.C. § 2241.

Nonetheless, the petition is subject to summary dismissal because Petitioner fails to state a claim upon which relief may be granted. Petitioner argues that his sentence was improperly calculated because he has not received credit for time served awaiting sentencing. Petition, 5. Specifically, Petitioner requests that the court "provide credit" for the period between April 23, 2003, the day he was placed in federal custody and made his initial appearance before a federal magistrate judge in Oregon, and May 3, 2004, the day Petitioner's federal sentence was imposed. Id. at 8.

The calculation of credit for prior custody is governed by 18 U.S.C. § 3585(b)(1), which provides that a "defendant shall be given credit toward the service of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b)(1). By way of the Attorney General, BOP is vested with the authority to grant credit for prior custody. United States v. Wilson, 503 U.S. 329 (1992) ("The Attorney General, through BOP, has the responsibility of administering the sentence. To fulfill this duty, BOP must know how much

of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant."). Here, BOP has determined that Petitioner is entitled to one day credit for prior custody and that he may earn up to 282 days credit for good conduct. See BOP Sentence Monitoring Computation, 7. Pursuant to § 3585(b), the court has no authority to give new consideration to BOP's calculation.[2] As such, Petitioner fails to state a claim upon which this court may grant relief.

## CONCLUSION

The court has accepted all of Plaintiff's factual allegations as true. After thoroughly reviewing the Report and Recommendation in its entirety, the court declines to adopt the Magistrate Judge's finding that Petitioner is not "in custody" for purposes of 28 U.S.C. § 2241. Nonetheless, the court concurs in the Magistrate Judge's recommendation that the case be summarily dismissed and dismisses the within petition without prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

August 20, 2007
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**
**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

---

[2] Because the petition has been summarily dismissed for failure to state a claim on which relief can be granted, the court does not address Petitioner's objection to the Magistrate Judge's application of the "fugitive disentitlement" doctrine.

6