UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Grant Bunker, # 297944, | ) C/A No. 9:06-1401-MBS-GCK |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| C. Anthony Burton, Acting Warden of Ridgeland Correctional Institution, | ) |
| Respondent. | ) |

This is an action seeking habeas corpus relief under 28 U.S.C. § 2241. This case, which was originally closed on August 20, 2007, is before the undersigned magistrate judge pursuant to the Order of the Honorable Margaret B. Seymour, United States District Judge. On May 14, 2008, Judge Seymour reopened the case and referred the case to the undersigned to determine whether the petitioner had exhausted his administrative remedies.

The undersigned, by order filed on May 16, 2008, directed the petitioner to answer Special Interrogatories. The petitioner objected to the Special Interrogatories, but submitted an affidavit and an exhibit (Entry No. 18). The exhibit (Entry No. 18-2) indicates that the Federal Bureau of Prisons has determined that it cannot give him the requested 329 days of "jail credit." Its decision was based on Program Statement 5880.28. Hence, it *appears* that the petitioner has exhausted his administrative remedies.

1

It is, therefore, recommended, that the District Court allow the petitioner to submit an updated Section 2241 petition, *which would be assigned its own "new" civil action number.* It is also recommended that the District Court "close" the file in the above-captioned case. If the District Court accepts this Report and Recommendation, the Office of the Clerk of Court would, then, send new Section 2241 forms to the petitioner so that he can submit his updated petition. The petitioner's attention is directed to the important Notice on the next page.

June 2, 2008
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).