# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Grant Bunker, # 297944, | ) | C/A No. 0:06-1401-MBS-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| C. Anthony Burton, Acting Warden of | ) | |
| Ridgeland Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Edward Grant Bunker ("Bunker"), a self-represented former federal prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to obtain prior custody credit toward his federal sentence. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.

By way of background, this matter was originally filed in 2006 and has a lengthy procedural history. Service was ultimately authorized in November 2009. (Docket Entry 33.) Soon thereafter, Bunker filed a letter informing the court of his change of address and indicating that this matter is moot, as he completed his federal sentence on July 23, 2009. (Docket Entry 35.) On December 9, 2009, the respondent filed a motion to dismiss agreeing that this matter is moot, as there is no further relief that this court can provide.[1] (Docket Entry 36.)

_____

[1] Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 37.) Bunker filed no response.

In light of the parties' agreement that this matter is moot, the court recommends granting the respondent's motion to dismiss. (Docket Entry 36.)

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 20, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).