IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Edward Grant Bunker, #297944, ) | |
| ) | C.A. No. 9:06-1401-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| C. Anthony Burton, Acting Warden of ) | |
| Ridgeland Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

Petitioner, Edward Grant Bunker was formerly in the custody of the South Carolina Department of Corrections, serving concurrent state and federal sentences. On May 8, 2006, Petitioner filed this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus alleging that his federal sentence was improperly calculated because he did not receive credit for time served while awaiting sentencing by the federal court. On August 20, 2007, the court issued an order summarily dismissing Petitioner's claims finding that the petition failed to state a claim upon which relief could be granted.

On September 10, 2007, Petitioner filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On May 14, 2008, the court ordered that the case be reopened stating that if Petitioner has exhausted his remedies with the Bureau of Prisons, he has stated a claim for which relief can be granted. The court referred the case to Magistrate Judge George C. Kosko for further findings of fact as to whether Petitioner has exhausted his administrative remedies. On June 6, 2008, Magistrate Judge Kosko issued a Report and Recommendation indicating that Petitioner has exhausted his administrative remedies and recommending that the court close the file in this case and allow Petitioner to submit an updated §

2241 petition, which would be assigned a new civil action number. On November 9, 2008, the court issued an order finding that requiring Petitioner to file a new § 2241 petition would only serve to delay the proceedings and recommitting the matter to the Magistrate Judge for a Report and Recommendation on the merits.

On November 12, 2009, Magistrate Judge Paige J. Gossett issued an order authorizing service of process of this petition. On December 2, 2009, Petitioner filed a letter indicating that this matter is moot, as he completed his federal sentence on July 23, 2009. (Entry 35). On December 9, 2009, the respondent filed a motion to dismiss agreeing with Petitioner that this matter is moot, as there is no further relief that this court can provide. On May 20, 2010, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's motion to dismiss be granted.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination on any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and adopts the Magistrate Judge's recommendation that this court dismiss the petition, in light of the parties' agreement that this matter is moot. Accordingly, the court grants Respondent's motion to dismiss (Entry 36).

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
June 10, 2010.